Eric Fagan SBN 87071
2220 Otay Lakes Rd. #502-84
Chula Vista, Ca. 91915
efagan@efaganlaw.com
Phone: 619-656-6656
Fax:(775) 703-7661

Christine Wolk  SBN 1001534
35 Wisconsin St.
Oshkosh, WI 54901
debtbuster@prodigy.net
Phone: 920-236-3336
Fax: 920-236-3308

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES BURCHAM and MAUREEN BURCHAM; <br><br> Plaintiffs <br> v. <br><br> MRS ASSOCIATES, INC., a corporation; MR. FIELDS, an individual; RYAN DOSSETT, an individual; and DOES 1 through 10 inclusive, <br><br> Defendants | Civil Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the Wisconsin Consumer Act which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District

is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiffs **CHARLES BURCHAM** and **MARLENE BURCHAM** are natural persons residing in Crivitz, Marinette County, Wisconsin 54114.

4. Defendant **MRS ASSOCIATES, INC. ("MRS")** is a corporation doing business of collecting debts in Wisconsin operating from an address at 3 Executive Campos Suite 400, Cherry Hill, NJ 08002.

5. Defendant **FIELDS ("FIELDS")** is a natural person employed by Defendant MRS as a debt collector at all times relevant to this complaint; said defendant's first name is unknown to Plaintiffs.

6. Defendant **RYAN DOSSETT ("DOSSETT")** is a natural person employed by Defendant MRS as a debt collector at all times relevant to this complaint; said defendant's first name is unknown to Plaintiffs.

7. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6.

8. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff.

9. Plaintiff Charles Burcham is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

10. Defendants including Does 1-10 are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3).

11. Plaintiff Charles Burcham is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3), and a "customer" pursuant to Wis. Stat. §427.103(2).

12. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined

by the FDCPA, 15 U.S.C. §1692a(5).

13. The purported debt that Defendants attempted to collect from Plaintiff CHARLES BURCHAM was a "claim" as defined by Wis. Stat. § 427.103(1) and Defendants are "debt collectors" as defined by Wis. Stat. § 427.103(3) engaged in "debt collection" as defined by § 427.103(2).

## IV. FACTUAL ALLEGATIONS

14. Plaintiffs are retired and have been married for twenty one years. On or about June 1, 2006 MRS began calling Plaintiffs in an attempt to collect a debt allegedly owed by Plaintiff Charles Burcham to Pallino Receivables, Iii, Llc [sic] (the alleged Debt).

15. MRS called once or twice a day, six days a week; plaintiffs did not answer the phone until on or about October 12, 2006.

16. Upon taking the call, a recording came stating that:
- The caller had been trying to contact Plaintiff Charles Burcham "for months" and that said Plaintiff should have the courtesy to return the call;
- It was "very important" that plaintiff call back immediately;
- "The Federal Government will not let me tell you what this is about unless you call us."

17. The caller left an 800 number, which was difficult to understand; plaintiffs listened to three such calls before they could distinguish the number correctly.

18. Plaintiffs became fearful that they were in some sort of trouble with the Federal Government.

19. On or about October 14, 2006 Plaintiff Charles Burcham called the 800 number, that of MRS, and spoke with FIELDS and gave him the name and phone number of plaintiffs' attorney, Eric F. Fagan.

20. On or about October 17, 2006 FIELDS called the office of Plaintiff's attorney and spoke with Ute Goldkuhle (Goldkuhle), an employee of Plaintiff's attorney, and discussed settlement of the alleged Debt; Goldkuhle then faxed to FIELDS an authority of Attorney Fagan to represent Plaintiff CHARLES BURCHAM.

21. That same day, FIELDS called back to Goldkuhle and continued discussion of settlement of the alleged Debt.

22. On or about October 18, 2006 FIELDS called Plaintiff Charles Burcham and attempted to

negotiate the alleged Debt with him; said Plaintiff insisted that FIELDS talk with Plaintiffs' attorney.

23. On or about October 19, 2006 FIELDS again called Plaintiff Charles Burcham and attempted to negotiate the alleged Debt with him; said Plaintiff repeated his insistence that FIELDS talk with Plaintiffs' attorney.

24. On October 20, Dossett faxed to Plaintiff a purported settlement that began, "Pursuant to our telephone conversation of Friday, October 20, 2006 . . ."

25. Plaintiffs sent the fax to their attorney. Ute Goldkuhle spoke with FIELDS later in the day and requested that he not communicate further with the plaintiffs.

26. As a result of the acts alleged above, Plaintiff Charles Burcham suffered muscle spasms, became tense and had trouble sleeping. Plaintiff Marlene Burcham became nervous and worried and had trouble sleeping. Both Plaintiffs became irritable with one another and their relationship suffered as a result.

27. The acts complained of above are part of a pattern and practice of harassment by Defendants.

## V. FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

28. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

29. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(6) by communicating with a person other than the Plaintiff's attorney after the debt collector knew the Plaintiff was represented by an attorney.

    (b) The Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after the Defendant knew that the Plaintiff was represented by an attorney;

    (c) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

    (d) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to

4
Case 1:07-cv-00103-WGG   Filed 01/30/07   Page 4 of 7   Document 1
COMPLAINT AND DEMAND FOR JURY TRIAL

ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse Plaintiff in connection with the collection of the Debt;

(e) The Defendants violated 15 U.S.C. § 1692e as against Plaintiff Charles Burcham by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(f) The Defendants violated 15 U.S.C. § 1692e(1) as against Plaintiff Charles Burcham by giving the false impression that the Defendants were affiliated with the United States;

(g) The Defendants violated 15 U.S.C. § 1692e(7) as against Plaintiff Charles Burcham by giving the false impression that the consumer committed a crime or other conduct in order to disgrace the consumer;

(h) The Defendants violated 15 U.S.C. § 1692e(10) as against Plaintiff Charles Burcham by using a false representation or deceptive means to collect or attempt to collect a debt or to obtain information regarding a consumer;

(i) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(j) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

30. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

(**Against all Defendants for Violation of the Wisconsin Consumer Act**)

31. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

32. The violations set forth in paragraphs 22(a) through (h) herein are violations of Wis. Stats. §§ 427(1)(g), (h), (i), (j), (L) and (m).

33. The violations set forth in paragraphs 22(a) through (h) herein are violations of the Wis. Admin. Code Ch. DFI-Bkg 74.14(5), (8), (9) and (10). DFI-Bkg 74.14 (9) prohibits conduct which violates

the FDCPA.

34. As a result of the above violations of the Wisconsin Consumer Act and its administrative rules, Defendants are liable to the Plaintiffs for declaratory judgment that Defendants' conduct violated the Wisconsin Consumer Act entitling Plaintiffs to their actual damages, statutory damages, and attorneys' fees and costs pursuant to Wis. Stat. §§427.105 (1), 425.304, and 425.308.

## VII. THIRD CLAIM FOR RELIEF

**(As against all Defendants for Invasion of Privacy-Intrusion Into Private Affairs)**

35. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

36. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, and private concerns and affairs.

37. Defendants willfully and intentionally intruded into Plaintiffs' solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

38. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiffs.

39. As a result of such invasions of privacy, Plaintiffs were harmed and suffered great mental and physical pain.

40. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiffs for damages in an amount to be proven at trial, and for punitive damages.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against Defendants and each of them for the following:

    A. Actual damages;

    B. Statutory damages pursuant to 15 U.S.C. §1692k and Wisconsin Consumer Act;

    C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and Wis. Stat. § 425.308;

    D. For punitive damages.

    E. For such other and further relief as the Court may deem just and proper.

Dated 12/6/06

/S/_____
Christine Wolk, Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Dated 1/26/2007

_____
Christine Wolk, Attorney for Plaintiff